UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:22-cv-01961-SHK | Date: | February 8, 2023 |

| | |
|---|---|
| Title: | *Sadik Ahmad v. Antony Blinken, et al.* |

Present: The Honorable   Shashi H. Kewalramani, United States Magistrate Judge

| D. Castellanos | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings (IN CHAMBERS):   ORDER TO SHOW CAUSE**

On November 7, 2022, Plaintiff Sadik Ahmad ("Plaintiff") filed a Complaint ("Complaint" or "Compl.") in this Federal Court.  Electronic Case Filing Number ("ECF No.") 1, Compl.  The case was randomly assigned to the above listed United States Magistrate Judge under the Direct Assignment of Civil Cases to Magistrate Judges Program in accordance with General Order 12-02 ("Assignment Order").  See ECF No. 5.

Pursuant to the Assignment Order, the parties were instructed that for this case to proceed before the assigned Magistrate Judge, they must file and serve joint or separate Consent forms, indicating whether each party consents to have the Magistrate Judge preside over this case.  See id. at 1.  The parties were further instructed that Plaintiff must file the Consent form within forty-two days after service of the summons and Complaint upon the first-served defendant.  Id.  The Parties were next instructed that each defendant must file the Consent form within forty-two days after service of the summons and Complaint upon that defendant.  Id.  Finally, the parties were instructed that if one or both parties fails to consent to the case proceeding before the assigned Magistrate Judge within the prescribed time, the case automatically will be re-assigned.  Id.

On November 8, 2022, the Clerk of Court issued a summons as to defendant Anthony Blinken ("Defendant").  See ECF No. 6.  Pursuant to Federal Rule of Civil Procedure ("Rule") 4(m), Plaintiff was required to served Defendant within ninety days of filing the Complaint in this Court.  See Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").  Therefore, pursuant to Rule 4(m) Plaintiff was required to serve the Complaint on Defendant by February 5, 2023.  Pursuant to Rule 4(l) "[u]nless service is waived, proof of

service must be made to the court." Fed. R. Civ. P. 4(l).  Plaintiff, however, has failed to file a proof of service indicating that service was timely perfected nor has Defendant indicated that he has waived service.

Nevertheless, on January 26, 2023, Defendant appeared in this action by filing a stipulation to extend time to answer to the Complaint ("Stipulation" or "Stip."), which suggests that they have been served.  <u>See</u>, ECF No. 7.  However, the Court is unable to determine when Defendant was served in this case because Plaintiff did not file a proof of service as is required by Rule 4(l).  Consequently, the Court is unable to determine the last date the parties have to file a statement of consent pursuant to the Assignment Order.

Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE** by **February 14, 2023** why the case should not be dismissed for failure to prosecute and follow Rule 4(l).  Plaintiff may discharge this Order by filing a proof of service that clearly indicates the date in which service was perfected on Defendant.

**IT IS SO ORDERED.**